# EXHIBIT 2

11/7/2025 12:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 107802750
By: Yasmin Creag
Filed: 11/7/2025 12:51 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **SANDRA MOORE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **UNITED AIRLINES, INC.,** | § | |
| **UNIFI AVIATION, LLC, AND** | § | |
| **ABM AVIATION, INC.** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Sandra Moore (Plaintiff), complaining of United Airlines, Inc., UNIFI Aviation, LLC, and ABM Aviation, Inc. (collectively, Defendants) and for cause of action shows the Court the following:

## I.
## DISCOVERY LEVEL

1. Discovery may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## II.
## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

3. This Court has jurisdiction over the persons referenced above because they are domiciled in this State and have sufficient minimum contacts with this State and Plaintiff's claims arise from those contacts.

4. Venue is proper in this Court pursuant to Tex. Civ. Prac. Rem. Code § 15.002(a)(1)

because Harris County is the county in which all or substantial part of the events or omissions giving rise to the claim occurred.

5. In accordance with the requirement of Tex. R. Civ. P. 47 requiring an election between items (c)(1)-(5), Plaintiff elects (4) seeking monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees or a just and reasonable amount as determined by a jury.

### III.
### PARTIES

6. Plaintiff Sandra Moore is an individual and resident of Texas.

7. Defendant United Airlines, Inc. (Defendant United Airlines) is a foreign corporation doing business in Texas. It may be served by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136 or wherever it may be found. **Citation is requested.**

8. Defendant ABM Aviation, Inc. (Defendant ABM Aviation) is a foreign corporation doing business in Texas. It may be served by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever it may be found. **Citation is requested.**

9. Defendant UNIFI Aviation, LLC (Defendant UNIFI Aviation) is a foreign company doing business in Texas. It may be served by serving its registered agent for service, Corporation Service Company DBA CSC - LAWYERS INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701or wherever it may be found. **Citation is requested.**

## IV.
## FACTUAL BACKGROUND

10. This lawsuit arises from an incident that occurred in Houston, Texas on June 29, 2025, at George Bush Intercontinental Airport (IAH).

11. On that day, Plaintiff was traveling on a domestic flight from New Orleans, Louisiana to Houston, Texas on an aircraft owned and/or operated by Defendant United Airlines.

12. Prior to traveling from Louisiana to Houston, Plaintiff made arrangements with United Airlines, Unifi Aviation, and ABM Aviation for mobility assistance. Due to Plaintiff's health conditions, it was necessary for Plaintiff to be provided with assistance and a wheelchair in order to safely deplane the aircraft.

13. When Plaintiff arrived at Houston IAH, defendants United Airlines, Unifi Aviation, and ABM Aviation failed to provide Plaintiff with mobility assistance.

14. Plaintiff was told by Defendants to exit the plane and was further told by Defendants that there was no wheelchair available for Plaintiff.

15. Despite the prior arrangements Plaintiff made with Defendants for assistance and a wheelchair, Plaintiff was denied assistance and the use of a wheelchair.

16. As a result of Plaintiff being denied mobility assistance by Defendants, Plaintiff was left standing in the jet way as a plane full of passengers deboarded. Plaintiff subsequently fell in the jet way. Plaintiff's fall caused serious and permanent injuries to Plaintiff for which Plaintiff remains under medical care.

## V.
## NEGLIGENCE OF DEFENDANT UNITED AIRLINES

17. Plaintiff hereby incorporate all paragraphs of this pleading as if they were fully alleged herein.

18. Defendant United Airlines is a common carrier and as such is required to exercise the highest degree of care and diligence in the safety of its passengers such as Plaintiff.

19. Plaintiff would show that the incident in question and her resulting injuries and damages were caused to occur due to the negligence and carelessness of defendant United Airlines through the actions or inactions of one or more of its agent, servants, or employees, to wit;

    a. In failing to provide Plaintiff with the necessary equipment, personnel, and assistance she needed to safely deboard its aircraft;

    b. In failing to exercise the highest degree of care and diligence and providing for the safety of Plaintiff as she deboarded its aircraft;

    c. In failing to properly and adequately train its employees;

    d. In failing to have in place adequate policies and procedures regarding the safe boarding of its aircraft by disabled or physically impaired passengers such as Plaintiff;

    e. In failing to comply with policies and procedures Defendant had in place, if any, at the time of the incident regarding the safely deboarding of its aircraft by disabled or physically impaired passengers such as Plaintiff;

    f. In failing to properly and adequately instruct and train third party contractors with whom Defendant had contracted with to provide defendant United Airlines' disabled and physically impaired passengers assistance with deplaning defendant United Airlines' aircraft;

    g. In breaching the agreement to provide disabled or physically impaired passengers such as Plaintiff with mobility assistance;

    h. In failing to properly and adequately supervise third party contractors with whom it had contracted with to provide defendant United Airlines' disabled and physically impaired passengers assistance with enplaning and deplaning defendant United Airlines' aircraft;

    i. In negligently hiring and retaining third party contractors to provide defendant United Airlines' disabled and physically impaired passengers with assistance with enplaning and deplaning United Airlines' aircraft;

j.  In prioritizing Defendant's corporate interests above the safety of its passengers such as Plaintiff.

20. Each and all of the above-mentioned acts and/or omissions constitute negligence and were, each and all, separately and concurrently, a proximate cause of the injuries and damages sustained by Plaintiff.

## VI.
## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST UNITED AIRLINES

21. Plaintiff hereby incorporate all paragraphs of this pleading as if they were fully alleged herein.

22. At the time of the occurrence of the incident in question and immediately prior thereto, Defendant's agents, servants, or employees were within the course and scope of employment for defendant United Airlines.

23. At the time of the occurrence of the incident in question and immediately prior thereto, Defendant's agents, servants, or employees were engaged in the furtherance of defendant United Airlines' business.

24. At the time of the occurrence of the incident in question and immediately prior thereto, Defendant's agents, servants, or employees were engaged in accomplishing a task for which Defendant's agents, servants was employed.

25. Plaintiff invokes the doctrine of *respondeat superior* as against defendant United Airlines.

## VII.
## GROSS NEGLIGENCE OF DEFENDANT UNITED AIRLINES

26. Plaintiff hereby incorporates all paragraphs of this pleading as if they were fully alleged herein.

27. Defendant United Airlines' acts or omissions described above, when viewed

5

objectively from the standpoint of defendant United Airlines at the time the act or omission occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions but proceeded regardless with a conscious indifference to the rights, safety, or welfare of the Plaintiff.

28.   Defendants acts and/or omissions described above were committed knowingly and/or intentionally and constituted gross negligence under the laws of the State of Texas.

29.   Based on the facts stated herein, Plaintiff requests that exemplary damages be awarded to Plaintiff from defendant United Airlines.

## VIII.
## NEGLIGENCE OF DEFENDANTS UNIFI AVIATION AND ABM AVIATION

30.   Plaintiff hereby incorporates all paragraphs of this pleading as if they were fully alleged herein.

31.   Plaintiff would show that the incident in question and her resulting injuries and damages were brought about and caused to occur due to the negligence and carelessness of the defendants UNIFI Aviation and ABM Aviation, through the actions or inactions of one or more of its agents, servants, or employees, to wit:

   a.   In failing to provide Plaintiff with the necessary equipment, personnel, and assistance she needed to safely deboard its aircraft;
   b.   In failing to exercise the highest degree of care and diligence and providing for the safety of Plaintiff as she deboarded its aircraft;
   c.   In failing to properly and adequately train its employees;
   d.   In failing to have in place adequate policies and procedures regarding the safe boarding of its aircraft by disabled or physically impaired passengers such as Plaintiff;
   e.   In failing to comply with policies and procedures Defendant had in place, if any, at

  the time of the incident regarding the safely deboarding of its aircraft by disabled or physically impaired passengers such as Plaintiff;

f.  In negligently hiring and retaining agents, servants, or employees to provide disabled and physically impaired passengers with assistance with enplaning and deplaning United Airlines' aircraft;

g.  In breaching the agreement to provide disabled or physically impaired passengers such as Plaintiff with mobility assistance;

h.  In prioritizing Defendant's corporate interests, above the safety of its passengers such as Plaintiff.

32.  Each and all of the above-mentioned acts and/or omissions constitute negligence and were, each and all, separately and concurrently, a proximate cause of the injuries and damages sustained by Plaintiff.

## IX.
## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST UNIFI AVIATION AND ABM AVIATION

33.  Plaintiff hereby incorporates all paragraphs of this pleading as if they were fully alleged herein.

34.  At the time of the occurrence of the incident in question and immediately prior thereto, Defendants' agents, servants, or employees were within the course and scope of employment for defendants UNIFI Aviation and ABM Aviation.

35.  At the time of the occurrence of the incident in question and immediately prior thereto, Defendants' agents, servants, or employees were engaged in the furtherance of defendants UNIFI Aviation and ABM Aviation's business.

36.  At the time of the occurrence of the incident in question and immediately prior thereto, Defendants' agents, servants, or employees were engaged in accomplishing a task for which Defendants' agents, servants was employed.

37.  Plaintiff invokes the doctrine of *respondeat superior* as against defendants UNIFI

Aviation and ABM Aviation.

## X.
## GROSS NEGLIGENCE OF DEFENDANTS UNIFI AVIATION AND ABM AVIATION

38. Plaintiff hereby incorporates all paragraphs of this pleading as if they were fully alleged herein.

39. Defendants UNIFI Aviation and ABM Aviation's acts or omissions described above, when viewed objectively from the standpoint of defendants UNIFI Aviation and ABM Aviation at the time the act or omission occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions but proceeded regardless with a conscious indifference to the rights, safety, or welfare of the Plaintiff.

40. Defendants' acts and/or omissions described above were committed knowingly and/or intentionally and constituted gross negligence under the laws of the State of Texas.

41. Based on the facts stated herein, Plaintiff requests that exemplary damages be awarded to Plaintiff from defendants UNIFI Aviation and ABM Aviation.

## XII.
## REQUEST FOR DISCLOSURE

42. Pursuant to Rule 194 of the Texas rules of Civil Procedure, Defendants are requested to disclose the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l), and Defendants are under continuing duty to supplement their responses to Plaintiff's request for disclosure.

## XII.
## DAMAGES

43. As a proximate cause of the Defendants' breaches alleged herein, Plaintiff has sustained and will more than likely sustain the following damages:

Case 4:25-cv-06045 Document 1-2 Filed on 12/15/25 in TXSD Page 10 of 12

  a. Medical expenses in the past;

  b. Medical expenses that, in reasonable medical probability, will be incurred in the future;

  c. Pain and suffering in the past;

  d. Pain and suffering that, in reasonable probability, will be suffered in the future;

  e. Mental anguish suffered in the past;

  f. Mental anguish that, in reasonable probability, will be suffered in the future;

  g. Impairment in the past; and

  h. Impairment that, in reasonable probability, will occur in the future.

44. Based on the above enumerated injuries and damages which were caused by the acts and/or omissions of the Defendants, Plaintiff pleads for actual and exemplary damages in an amount that the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

## XIII.

## JURY DEMAND

45. Plaintiff asserts her right to a trial by jury and tenders the appropriate fee with this filing.

## XIV.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer herein, and that upon a final hearing hereof, the Plaintiff have judgment against Defendants, jointly and severally, for actual damages and exemplary damages in an amount the jury deems reasonable under the circumstances which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest, post-judgment interest, costs of court, attorney's fees, and for such other and further relief to which Plaintiff may be justly entitled.

9

Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Alma Reyes (Tavares)*
    **Cesar Tavares**
    State Bar No. 24093726
    **Alma Reyes (Tavares)**
    State Bar No. 24064392
    **Alejandro J. Salicrup**
    State Bar No. 24138723
    **Thomas Mathew Hudson**
    State Bar No. 24126650
    8441 Gulf Frwy, Suite 600
    Houston, Texas 77017-5001
    (713) 230-2200 Telephone
    (713) 643-6226 Facsimile
    tavareslitteam@whlaw.com E-Service Email

    **ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cesar Tavares on behalf of Alma Reyes
Bar No. 24064392
Tavareslitteam@whlaw.com
Envelope ID: 107802750
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 11/7/2025 1:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cesar Tavares | | tavareslitteam@whlaw.com | 11/7/2025 12:51:08 PM | NOT SENT |